IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BLACKS IN TECHNOLOGY INTERNATIONAL, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Cause No. 3:22-cv-00532-M |
| GREGORY GREENLEE, DENNIS SCHULTZ, AND BLACKS IN TECHNOLOGY, LLC, | § § § § | |
| Defendants. | § § | |

**FIRST AMENDED COMPLAINT FOR DAMAGES AGAINST A RACKETEER INFLUENCED CORRUPT ORGANIZATION (RICO), FOR INTERCEPTION OF ELECTRONIC COMMUNICATIONS, FOR WIRE FRAUD, FOR CONSPIRACY TO COMMIT WIRE FRAUD, AND FOR DECLARATORY JUDGMENT AND JOINDER OF PARTIES**

NOW COMES Peter Beasley ("Beasley" or "Plaintiff") and files this First Amended Complaint of various unlawful acts by Gregory Greenlee ("Greenlee"), Dennis Schultz, ("Schultz"), Blacks in Technology, LLC, ("BIT, LLC"), Blacks in Technology Foundation, ("BIT Foundation"), and joins Larry Davis, ("Davis"), Rondalynne McClintock, ("McClintock"), Robert Howard, ("Howard"), Dwyane Thomas, ("Thomas"), and the Ohio Secretary of State, and states the following:

## Table of Contents

I.  THE PARTIES ............................................................................................. 2
II.  REASON FOR THE AMENDMENT .................................................. 3
III.  STATUTE OF LIMITATIONS ............................................................ 3
IV.  APPLICABLE STATUTES ON JURISDICTION AND VENUE ........ 3
V.  THE ENTERPRISE ............................................................................... 4
VI.  NATURE OF THE ACTION ................................................................ 5

VII.    ACCRUAL DATE ................................................................................................ 6

VIII.   DECLARATORY JUDGMENT ........................................................................ 6

IX.     RACKETEERING ACTIVITY – PREDICATE ACTS ...................................... 7

X.      THE DECEPTIVE CORPORATE FICTIONS And their Claims ......................... 8

XI.     prohibited self-dealing ...................................................................................... 14

XII.    PATTERN OF RACKETEERING .................................................................... 15

    Fraud by Wire – Against the Public, 18 U.S.C. § 1343 ................................. 15

    Fraud by Wire – Against Beasley, 18 U.S.C. § 1343 .................................... 17

    Laundering of monetary instruments, 18 U.S.C. § 1956 ............................... 19

    Monetary transactions from unlawful activity, 18 U.S.C. § 1957 ................ 19

XIII.   INTERCEPTION OF ELECTRONIC COMMUNICATIONS........................... 20

XIV.    PROPENSITY OF AND CONTINUING CRIMINAL ACTS ........................... 21

XV.     PREDICATE ACTS OF INDIVIDUALS .......................................................... 23

XVI.    CAUSES OF ACTION ...................................................................................... 30

    Count One - Pierce the Corporate Veil ........................................................... 30

    Count Two - Civil RICO Pursuant to 18 U.S.C. § 1962(c) – BIT Foundation, BIT, LLC, Dennis Schultz, and Gregory Greenlee ............................................... 31

    Count Three - Interception of Electronic Communications – Gregory Greenlee and Dennis Schultz ................................................................................................. 33

    Count Four - Civil RICO Conspiracy Pursuant to 18 U.S.C. § 1962(d) – Greenlee, Schultz, McClintock, Davis, Howard, Thomas ............................................ 34

    Interests and Costs ......................................................................................... 34

XVII.   CONDITIONS PRECEDENT ............................................................................ 35

XVIII.  DEMAND FOR JURY TRIAL .......................................................................... 35

XIX.    ATTORNEY FEES ............................................................................................ 35

XX.     PRAYER ............................................................................................................ 35

## I.    **THE PARTIES**

1.    Peter Beasley is an individual and citizen of Dallas, County Texas.

2.    Greenlee is an individual and citizen of the State of Ohio.

3.    Schultz is an individual and citizen of the state of New Jersey.

4.      Blacks in Technology, LLC, ("BIT, LLC") is an Ohio limited liability corporation.

5.      BIT Foundation, ("BIT Foundation") is an Ohio nonprofit corporation.

6.      Larry Davis is an individual and citizen of the State of Texas.

7.      Rondalynne McClintock is an individual and citizen of the State of Nevada.

8.      Dwyane Thomas is an individual and citizen of the State of Washington.

9.      Robert Howard is an individual and citizen of the State of Texas.

10.      The Ohio Secretary of State is a government unit of the State of Ohio.

## II.      REASON FOR THE AMENDMENT

11.      This amendment is due, in part, to new information from the sworn deposition testimony of Gregory Greenlee of March 8 and 9, 2022, and as a matter of right within 21 days of an initial petition. Fed. R. Civ. P. 15(a)(1)(a).

## III.      STATUTE OF LIMITATIONS

12.      The Interception of Communications claim in this lawsuit has a two-year statute of limitations, which requires suit to be filed by April 3 – July 25, 2022.

## IV.      APPLICABLE STATUTES ON JURISDICTION AND VENUE

### Jurisdiction

13.      This court has jurisdiction under 28 U.S.C. § 1331, a federal question.

### Venue

14.      Venue is proper in this court under 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in this district, and venue is proper under 18 U.S.C. § 1965(a)(b).

1st AMENDED COMPLAINT FOR
DAMAGES                                                                                   Page **3** of 35

## V.     THE ENTERPRISE

15.     Greenlee claims he owns a brand "Blacks in Technology".

16.     Greenlee incorporated BIT, LLC December 6, 2011, which he has operated since its existence as a single-person limited liability company.

17.     Greenlee was awarded a registered U.S. Trademark June 23, 2015, for the word mark, "Blacks in Technology".

18.     Greenlee incorporated BIT Foundation in June 26, 2017, as an Ohio nonprofit, charitable organization.

19.     Upon information and belief, Greenlee illegally operates BIT Foundation from its existence, without any Directors or Members, to this very day.

20.     BIT, LLC and BIT Foundation, both legal entities, act together as an Enterprise as described in 18 U.S.C. § 1961(4) (the "BIT Enterprise").

21.     Defendants Greenlee and Schultz are officers and employees of the BIT Enterprise and they conduct and manage the affairs of BIT LLC and BIT Foundation.

22.     BIT, LLC and BIT Foundation provide services in interstate commerce, are engaged in interstate commerce and their activities affect interstate commerce. Both entities claim it is their mission to "stomp the divide" and to fundamentally influence and effect change on an industry that has historically not sought parity with respect to black workers by serving members through community, media and mentorship.

23.     The mastermind of this BIT Enterprise is Greenlee.

24.     BIT Foundation, it purporting to be a nonprofit organization, obtains worldwide donors and sponsors to raise millions of dollars.

25.    BIT Foundation, upon information and belief, engages in prohibited self-dealing to pay monies to its purported directors, and to Greenlee's & Schultz's family.

26.    BIT Foundation pays BIT, LLC for claimed services, where BIT LLC, then delivers monies to Greenlee to give to his friends and family.

27.    Schultz, since August 2020, is an intentional manager of the BIT Enterprise.

28.    Davis, McClintock, Thomas and Howard are willing conspirators within the BIT Enterprise.

29.    Collectively, the defendants are referred to as the "BIT Defendants."

## VI.    NATURE OF THE ACTION

30.    The lawsuit alleges a criminal, online wire-fraud swindle to dupe people to give money and volunteer their time under the theory they are helping Black people worldwide to obtain career-proof jobs in the technology field, but in reality the scheme, it using specific deceptions, making identifiable false on-line postings, and displaying false promises, is devised to generate money for the operators of the scheme, Greenlee, for Greenlee's family, for Davis, McClintock, and Schultz, and for Schultz's family.

31.    The Supreme Court wrote, the Racketeer Influenced Corrupt Organization Act "was an aggressive initiative to supplement old remedies and develop new methods for fighting crime." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 498 (1985). Another phrase. The legislative history of RICO touted the statute as a novel way to address and curb organized crime and attack it on all fronts.

32.    The alleged crime of the BIT Enterprise is virtually undetectable, except through a private, civil action. The RICO Act also criminalizes and includes treble damage awards from predicate acts of falsifying filings with the IRS, to avoid tax.

## VII.    ACCRUAL DATE

33.    The original wire claim against Greenlee, BIT Foundation and BIT, LLC stem from actions beginning June 20, 2019, when Beasley became a volunteer with an unincorporated, Blacks in Technology social group in Dallas, Texas.

34.    McClintock joined the fraud scheme on or about August 15, 2020.

35.    Schultz joined the fraud scheme on or about August 17, 2020.

36.    Davis joined the fraud scheme on or about August 18, 2020.

37.    Howard joined the fraud scheme on or about August 18, 2020.

38.    Thomas joined the fraud scheme on or about August 20, 2020.

## VIII.    DECLARATORY JUDGMENT

39.    The Ohio Secretary of State, under its seal, certifies that Blacks in Technology Foundation is a nonprofit corporation of the State of Ohio. Exhibit A.

40.    Ordinarily, all non-judicial records or books kept in any public office of any State, Territory, or Possession of the United States, so authenticated, shall have the same full faith and credit in every court and office within the United States and its Territories and Possessions as they have by law or usage in the courts or offices of the State, Territory, or Possession from which they are taken. 28 USC § 1739.

41.    The State of Ohio provides no remedy for citizens in Texas to challenge the legitimacy of a corporation, as that right is withheld as an action in *quo warranto*, only when directed by the governor, supreme court, secretary of state, or general assembly of Ohio. Only the Ohio attorney general or a prosecuting attorney shall commence an action in *quo warranto*, Ohio Rev. Statutes § 2733.04; although, in America, everyone has some

remedy at law. *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 163, 2 L.Ed. 60 (1803). One of the first duties of government is to afford that protection.

42.    A declaratory judgment is Beasley's remedy.

43.    Greenlee sued Beasley and standing from the controversy exists.

44.    A federal question exists whether the Full Faith and Credit Clause of the United States Constitution requires the State of Texas, the federal courts, and the public, including Beasley, to honor the records of the Ohio Secretary of State that Blacks in Technology Foundation is a legitimate corporate entity when the state of Ohio fails to follow its own laws.

## IX.    RACKETEERING ACTIVITY – PREDICATE ACTS

45.    From 2017, and continuing up through the date of the filing of this Complaint, Greenlee, a person associated with or employed within the BIT Enterprise did knowingly and unlawfully conduct or participate, directly or indirectly, in the affairs of the BIT Enterprise in Racketeering Activity, within the meaning of 18 U.S.C. § 1961(1).

46.    Specifically, the BIT Defendants have engaged in a pattern of racketeering activity by committing hundreds of acts of racketeering activity after the effective date of RICO and also within 10 years of each individual act. Specifically, the BIT Defendants' actions described violate the following provisions:

    a.    federal wire fraud statute 18 U.S. Code § 1343, which is identified by 18 U.S. Code § 1961(1)(A) as indictable predicate act for purposes of racketeering;

    b.    money laundering statute 18 U.S. Code § 1956, which is identified by 18 U.S. Code § 1961(1)(A) as indictable predicate act for purposes of racketeering; and

c. monetary transactions from unlawful activity statute, 18 U.S.C. § 1957, which is identified by 18 U.S. Code § 1961(A) as an indictable predicate act for purposes of racketeering.

47. The pattern of racketeering activity is prohibited in violation of 18 U.S.C. § 1962, as:

a. Greenlee and Schultz, their wives and family members have received income, directly or indirectly, from a pattern of racketeering activity, 18 U.S.C. § 1962(a),

b. Greenlee and Schultz have maintained, directly or indirectly, an interest in or control of an enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce, 18 U.S.C. § 1962(b),

c. Schultz is employed by and has been associated with the BIT Enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity, 18 U.S.C. § 1962(c),

d. Greenlee, Schultz, Davis, McClintock, Thomas, and Howard, along with others, conspired within the BIT Enterprise to violate the RICO act. 18 U.S.C. § 1962(d).

## X.    THE DECEPTIVE CORPORATE FICTIONS AND THEIR CLAIMS

48. It has been held that "[a]n act is deceptive if it 'has the likelihood of inducing a state of mind in the consumer that is not in accord with the facts.'" *Crull v. Maple Park Body Shop* (1987), 36 Ohio App.3d 153, 158, 521 N.E.2d 1099, 1104.

49.     One purpose of the Greenlee deceptions is to take advantage of volunteers to increase the revenue and valuation of BIT, LLC, so Greenlee can take such revenues for himself. Another purpose of the Greenlee deceptions is to avoid paying taxes.

50.     Greenlee admitted in a 2020 video that he did not know how to run a nonprofit corporation. Greenlee knows he failed to incorporate BIT Foundation properly.

51.     In particular, Greenlee has caused the filing of U.S. federal income tax returns [**a public document**] purportedly on behalf of BIT Foundation in 2018 and 2019 wherein he claims he is its Chief Executive Officer, <u>where no members or directors authorized him to serve in such a business role</u>.

52.     Greenlee, as the BIT Enterprise Mastermind, uses three (3) similar names in fictitious ways: (1) Blacks in Technology, LLC (a company owned 100% by Greenlee),

(2) Blacks in Technology Foundation (a fictitious nonprofit corporation), and (3) Blacks in Technology, which is not a company, but merely a 'brand' defined by Greenlee.

53.    On April 19, 2020, Greenlee announced publically that Beasley would create a new nonprofit, with true chartered chapters, in a membership-based organization.

54.    Greenlee admitted in 2020 he knew "the BIT chapters" he claimed as being a part of BIT, LLC and BIT Foundation were not set-up legally.

55.    Greenlee repeatedly told Beasley and others from March to August 2020, and in recorded videos that BIT Foundation would be "shut-down" and the Texas nonprofit incorporated by Beasley, "Blacks in Technology International", would replace BIT Foundation.

56.    In keeping with his promise to shut-down BIT Foundation, April 3, 2020, Greenlee signed a Board Agreement to serve on the BIT International Board, but secretly, April 15, 2020, Greenlee applied for a "COVID-Loan" with the Small Business Administration to keep BIT Foundation going.

### The deceptive owner of a Word Mark

57.    June 23, 2015, the United States Patent Office registered a Word Mark, "Blacks in Technology," with Greenlee as the owner, wherein he claims he is doing business as "Blacks in Technology," the brand.

58.    On May 24, 2020, in the United States Patent Trademark Trial and Appeal Board in a trademark cancellation proceeding, Greenlee claims he is the "owner" of the Word Mark.

59.    Regardless that BIT, LLC owns no trademark, March 5, 2021, in the Northern District of Texas, Greenlee caused Blacks in Technology, LLC to sue Beasley

and his business enterprises claiming Blacks in Technology, LLC owns the Word Mark, "Blacks in Technology;" although, nowhere on the Blacks in Technology website is there or has there been a ® designation.

### The deceptive owner of BIT Foundation

60.    To the public Greenlee falsely claims on the Internet that BIT Foundation is owned by BIT, LLC (a company he owns 100%).



https://foundation.blacksintechnology.net/   March 18, 2022

### The deceptive taxing entity of BIT Foundation

61.    Greenlee claims BIT Foundation is its own business entity; although, upon information and belief, he claims its revenue as being part of his own personal federal income for federal tax purposes.

### Deceptive claims to raise nonprofit funds

62.    A primary pattern of BIT Enterprise is for The Enterprise to deceptively use similar named entities (e.g. BIT LLC, BIT Foundation, and the "BIT Brand") in postings on the Internet to create a false sense of a large, nonprofit community of people working to help Black technologists worldwide in order to raise millions in financial contributions.

63.     April 10, 2020, Beasley recommended to Greenlee in writing that he change the name of his 'for-profit' enterprises to a different name, to avoid unethical and illegally deceptive operations.

64.     Instead, in violation of Ohio law, Greenlee uses similar names that are so closely related in such a manner that the use of the name tends to confuse or mislead a person being solicited for contributions. Ohio Rev. Code § 17.16.14(A)(4).

65.     BIT Foundation (a.k.a. Greenlee) falsely claims to the public and to sponsors that BIT Foundation has "members," when it does not.

66.     BIT Foundation (a.k.a. Greenlee) falsely claims to the public and to sponsors that BIT Foundation has "Directors," **when it does not**.



https://foundation.blacksintechnology.net/about-us/  March 18, 2022

67.     BIT Foundation (a.k.a. Greenlee) falsely claims to the public and to sponsors that BIT Foundation has "chapters," when it does not. Greenlee has filed annual

registration reports with the Ohio Attorney General for 2018 and 2019 attesting to the fact that BIT Foundation has no chapters.



## BIT CHAPTERS MAKE A DIFFERENCE IN THE COMMUNITY

*Chapters are the lifeblood of Blacks in Technology and the chief conduit to local communities. BIT chapter organizers have the pulse of their respective regions and offer programs and events that cater to their unique needs.*

https://foundation.blacksintechnology.net/chapters/  March 18, 2022

### **Taking Credit of Works of Others**

68.    It is a crime under Ohio law to mislead any person as to any material fact concerning the solicitation of contributions for a charitable organization. Ohio Rev. Code § 17.16.14(A)(2).

69.    To entice other sponsors and contributors, BIT Foundation falsely claims it delivered a Dallas, Texas program for Accenture in 2020, which was not a program of BIT Foundation, but was a program of the unincorporated group co-lead by Beasley.

[ continued ]



https://foundation.blacksintechnology.net/   March 18, 2022

71.    To entice other sponsors and contributors, BIT Foundation falsely claims it delivered a nationwide program for the U.S. Census Bureau, in 2020, which was a program conceived, sold and delivered by Beasley with BIT International.



https://foundation.blacksintechnology.net/   March 18, 2022

## XI.    PROHIBITED SELF-DEALING

72.    Greenlee claims to serve on the board of nonprofit entities (BIT International, BIT Foundation) as their directors; although, he claims an ownership of the very name of those organizations, without an arm's length perpetual, full release of his ownership claim.

73.     With verbal or mental agreements between no one but himself, Greenlee contracts for "business" between BIT, LLC and BIT Foundation, shifting nonprofit contributions in amounts of his choosing to support his personal finances.

74.     Upon information and belief, Greenlee has been converting hundreds of thousands of dollars from BIT Foundation for Greenlee's personal uses.

75.     Upon information and belief, Greenlee uses the same law firm which protects Greenlee to provide the agreement which purportedly also protects BIT Foundation. BIT, LLC and BIT Foundation pay for the legal expenses to protect Greenlee.

## XII.    <u>PATTERN OF RACKETEERING</u>

## <u>Fraud by Wire – Against the Public, 18 U.S.C. § 1343</u>

76.     The Enterprise deceptively uses similar named entities (e.g. BIT LLC, BIT Foundation, and the "BIT Brand") to create a false sense of a large, nonprofit community of people working to help Black technologists worldwide.

67.     The BIT Enterprise makes intentional deceptive uses of derivatives of "Blacks in Technology" to commit its various torts and crimes.

a.      Claiming on the Internet and to sponsors that BIT Foundation is the nonprofit company of BIT, LLC, which it is not.

b.      Claiming that BIT, LLC and / or BIT Foundation have members, which they do not.

c.      Claiming that BIT, LLC and / or BIT Foundation has chapters, which they do not.

d.      Claiming that BIT, LLC owns a trademark, which it does not.

68.     BIT Foundation, on its website from September 2020 to the filing of this lawsuit, deceptively displays testimonials given to BIT International (e.g. from Marquita Payne - Accenture, Dr. Steven Dillingham – U.S. Census Bureau), which the BIT Enterprise claims as theirs saying, "Sponsors, partners, and supporters speak highly of Blacks in Technology."

69.     One purpose of the deceptions is to cause employers to pay BIT, LLC to post employment opportunities, for which Greenlee can obtain money.

70.     Upon information and belief, another purpose of the deception is for the public to give money to BIT Foundation so Greenlee, Schultz, and officers of BIT Foundation, can earn compensation, to be given cars, to be paid commissions, and to be paid fringe benefits.

71.     The Enterprise advertises that people can "Donate to a Specific BIT Region or Chapter", including to regions and "Chapters" in Africa (Nigeria, Kenya, South Africa), Europe (New Zealand, France, Germany, London), and South America (Columbia); however funds donated are provided to bank accounts with total control by Greenlee.

72.     The BIT Foundation website lists a deceptive "Donor Bill of Rights", which is not honored.

73.     The BIT Foundation falsely advertises that "80% of all sponsorship dollars and donations flow directly to BIT Foundation member focused programs," which they do not provide, for members they do not have.



https://foundation.blacksintechnology.net/sponsorship/    March 18, 2022

74.    All of these thousands of daily transactions, well more than two, create a sufficient pattern of racketeering of prohibited transactions, creating a civil liability to Beasley, who has been injured from the BIT Enterprise. 18 U.S.C. § 1964(c).

## Fraud by Wire – Against Beasley, 18 U.S.C. § 1343

75.    March 24, 2020, by e-mail, Greenlee agreed to work with Beasley.

76.    March 30, 2020, by e-mail, Greenlee asked that Beasley work for BIT Foundation. Beasley refused to do so, explaining to Greenlee on March 30, 2020, that BIT Foundation was not set-up properly.

77.    Greenlee defrauded Beasley by telling him by e-mail and orally that Greenlee would not compete with Beasley's efforts to create a worldwide, nonprofit corporation to help Black people with technology careers. This was a false promise.

78.    Beasley was misled to join up with Greenlee officially on April 3, 2020.

79.    By July 20, 2020, Greenlee remarked to Beasley, "you saved the nonprofit," he paid Beasley nothing, and Greenlee decided that day he wanted to have nothing further to do with Beasley.

80.     July 21, 2020, Greenlee sent a false e-mail message over the Internet claiming Beasley no longer worked at Blacks in Technology as part of the scheme to defraud Beasley, to pay him nothing, and to separate from Beasley.

81.     The BIT Enterprise has caused Beasley the loss of over $100,000 in consulting fees, as a result of the injuries caused by the BIT Enterprise.

82.     Beasley has also been injured in his personal reputation by 'per se' electronic defamatory statements issued by the BIT Enterprise, as part of the scheme to defraud Beasley, injuring Beasley's inability to obtain partnerships and sponsorships for his on-going business enterprises. In particular, on multiple occasions, Greenlee and Schultz made false statements that Beasley no longer worked at Blacks in Technology, which with Beasley being the Executive Director of Blacks in Technology International, Beasley was harmed in his volunteer and professional pursuits.

83.     Greenlee signed an April 3, 2020, board agreement signifying his allegiance and promise to work in the best interest of Blacks in Technology International, a Texas nonprofit, led by Beasley, and Greenlee delivered this message by e-mail.

84.     Beasley relied on Greenlee's representation and provided work to help the Black tech community from April 3, 2020 to this day, working as the Executive Director of BIT International.

85.     Greenlee confirmed again by e-mail August 7, 2020 his earlier promise to shut-down BIT Foundation and that he would not compete with BIT International. The promise is unequivocal and not conditioned on signing any IP agreement.

86.     However, Greenlee never intended to shut-down BIT Foundation, and his representation to Beasley by e-mail was false when it was made, it being a scheme to get

Beasley to work for free and show Greenlee how to create a high-growth, profitable, board-led nonprofit.

87.    Greenlee suggesting that his promise was conditional further demonstrates Greenlee's promise was false when he made it.

88.    Beasley incurred damages based on Greenlee's false representations – defamation to Beasley's character, and causing Beasley to not be paid for his services working for BIT International.

## Laundering of monetary instruments, 18 U.S.C. § 1956

89.    The BIT Enterprise launders money with the intent to promote the wire fraud scheme, to conceal or disguise the nature, the location, the source, the ownership, or the control of the funds, and to avoid income tax reporting requirements, in violation of 18 U.S.C. § 1956(a)(3).

90.    Upon information and belief, bank records of BIT Enterprise will reveal financial transactions to Greenlee family members, to disguise the source of the derived funds.

91.    Upon information and belief, identified financial transactions, well more than two, create a sufficient pattern of racketeering of prohibited transactions, creating a civil liability to Beasley, who has been injured from the BIT Enterprise. 18 U.S.C. § 1964(c).

## Monetary transactions from unlawful activity, 18 U.S.C. § 1957

92.    Under Ohio law, it is unlawful for BIT Foundation, a nonprofit corporation, to pay money to board members or volunteers, Ohio Rev. Code § 1702.01 (c).

93.     The BIT Enterprise funnels money from people who are led to believe they are donating or sponsoring funds to a non-profit corporation, BIT Foundation. The money is then funneled into BIT, LLC.

94.     From BIT, LLC, money is distributed to Greenlee and his family.

95.     Upon information and belief, bank records and discovery will show numerous prohibited, illegal bank transfers in violation of 18 U.S.C. § 1957, made as part of the criminal wire fraud swindle scheme of the BIT Enterprise.

96.     Further, upon information an belief, the three (3) IRS Form 990 forms filed by BIT Foundation for years 2018, 2019, and 2020 are fraudulent, to avoid income tax, as prohibited as a RICO violation under 18 U.S.C. § 1957.

97.     Further, upon information and belief, BIT Foundation has obtained over $1,000,000 under its control, obtained from unlawful means.

98.     More than two financial transactions and deceptions create a sufficient pattern of racketeering of prohibited transactions, creating a civil liability to Beasley, who has been injured from the BIT Enterprise. 18 U.S.C. § 1964(c).

## XIII.   INTERCEPTION OF ELECTRONIC COMMUNICATIONS

99.     Greenlee defrauded Beasley wherein he agreed on April 3, 2020, by e-mail, to provide Beasley two private e-mail addresses, peter@blacksintechnology.net and ExecDirector@blacksintechnology.net *for his exclusive use* to perform his services to aid the Black tech community.

100.    Greenlee however was secretly intercepting and reading Beasley's electronic communications, a violation of 18 U.S.C. § 2511 itself.

101.    Greenlee used Beasley's intercepted communications to obtain sponsors and donors, to advance illegal purposes of the BIT Enterprise, and for Greenlee's own personal gain.

102.    Beasley was not an employee of BIT Foundation, or BIT, LLC, where the use of the e-mail communications were contractual, and Greenlee had no authority or justification to intercept Beasley's communications.

103.    Greenlee admits his belief that since he owns the domain name blacksintechnology.net he can intercept any e-mail into or out of that domain he chooses.

104.    Greenlee admits the electronic communications interception, with Greenlee taking control of the communications on July 21, 2020, and then permanently taking control August 18, 2020, in violation of 18 U.S.C. § 2511(c).

## XIV.  PROPENSITY OF AND CONTINUING CRIMINAL ACTS

105.    The BIT Enterprise continues in 2022 to defraud the public to solicit donations and sponsorship for a fictitious BIT Foundation. 18 U.S. Code § 1343 - Fraud by wire. Upon information and belief, the BIT Enterprise takes in hundreds of thousands in funds monthly.

106.    Unless stopped, upon information and belief, the BIT Enterprise will pay Greenlee, McClintock, and Davis salaries, and provide cars and living expense allowances from nonprofit donations in violation of Ohio law. Ohio Rev. Code § 1702.01(C)

**107.    UNLESS STOPPED, UPON INFORMATION AND BELIEF, GREENLEE, MCCLINTOCK AND DAVIS WILL CONTINUE TO SEEK TO OPERATE AS FICTITIOUS DIRECTORS OF THE FICTITIOUS BIT FOUNDATION FOR THE REST OF THEIR LIVES.**

108.    Unless stopped, the BIT Enterprise will continue the solicitation of donations using the intercepted electronic e-mail for Peter Beasley, ExecDirector@blacksintechnology.net.

109.    The BIT Enterprise has been active in spoliation of evidence and destruction of disputed assets within the legal controversies between the parties.

110.    While not specifically covered under RICO, Greenlee sought and obtained a "COVID" business loan on behalf of BIT Foundation April 15, 2020, from the Small Business Administration, to pay a personal debt which pre-dated eligibility for the loan, in criminal violation of 15 U.S.C. 636(b).

> Whoever wrongfully misapplies the proceeds of an SBA disaster loan shall be civilly liable to the Administrator in an amount equal to one-and-one half times the original principal amount of the loan under 15 U.S.C. 636(b).
>
> In addition, any false statement or misrepresentation to SBA may result in criminal, civil or administrative sanctions including, but not limited to: 1) fines, imprisonment or both, under 15 U.S.C. 645, 18 U.S.C. 1001, 18 U.S.C. 1014, 18 U.S.C. 1040, 18 U.S.C. 3571, and any other applicable laws; 2) treble damages and civil penalties under the False Claims Act, 31 U.S.C. 3729; 3) double damages and civil penalties under the Program Fraud Civil Remedies Act, 31 U.S.C. 3802; and 4) suspension and/or debarment from all Federal procurement and non-procurement transactions. Statutory fines may increase if amended by the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015.

111.    While not specifically covered under RICO, Greenlee failed to provide Beasley with a legal request for public documents on April 9, 2021, for records required by the IRS to be produced by public nonprofits, such as BIT Foundation.

112.    Upon information and belief, BIT Foundation signed an Employment Agreement of Dennis Schultz October 2021, agreeing to pay him for previous donated, volunteer work, which is prohibited under Ohio law.

113.    Plaintiff allege that the course of conduct engaged in by the BIT Defendants constituted both "continuity" and "relatedness" of the racketeering activity, thereby constituting a pattern of racketeering activity, as that term is defined in 18 U.S.C. § 1961(5).

Plaintiff can show the relatedness prong because the predicate acts have the "similar purposes, results, participants, or methods of commission or are related to the affairs of the Enterprise."  All predicate acts had the same purpose of defrauding Beasley of at least tens of thousands of dollars, all for the personal enrichment of the Defendants and their associates.

114.    Beasley alleges that the continuity of the pattern of racketeering activity arises from the threat of continued activity given the predicate activity is continuous, ongoing and will continue unless the BIT Defendants are stopped from continuing these racketeering activities.  The threat of continued activity also is shown by the fact that the BIT Defendants throughout the years have repeatedly engaged in the same illegal and illicit activities involving other entities.

115.    Thus, engaging in the pattern of racketeering as set forth herein is the regular way the BIT Defendants regularly conducted the operations of BIT LLC and BIT Foundation, the legal entities comprising the BIT Enterprise.  The BIT Defendants named herein have been conducting the operations of BIT LLC and BIT Foundation since at least 2011 and 2017, respectively, and will continue the cycle of deception and illegal actions against Beasley and others into the future if not stopped.   Thus, the BIT Defendants remain a threat to others and their racketeering activity meets the open-ended continuity test.

## XV.    PREDICATE ACTS OF INDIVIDUALS

116.    **GREENLEE** – Greenlee is the mastermind of the Enterprise, with complete dominate control over BIT LLC, BIT Foundation and the millions in funds the collective enterprise has obtained since 2017. One control Greenlee exerts is with those entities carrying a name string which he personally owns. Greenlee also operates in a

fashion where he believes he has the authority to read any of the volunteer's e-mail that he provides @blacksintechnology.net, providing another form of domination.

117.    **SCHULTZ** – Schultz is an employee, principal in the enterprise, managing its day to day operations.

118.    Beasley first reached-out to Schultz April 17, 2020, and by April 18, 2020, he signed the first agreement to lead a chapter of BIT International and paid lifetime dues to BIT International.

119.    Beasley invited Schultz to be on the board of BIT International, and April 19, 2020, Schultz became the third director to join after Beasley and Greenlee.

120.    July 24, 2020, after Greenlee sent-out a July 21, 2020, message "Beasley no longer works at BIT," Schultz told Beasley that Schultz should lead BIT International, and not Beasley.

121.    Beasley rejected Schultz' recommendation that he take over.

122.    Schultz devised a plan August 17, to discredit Beasley and to interfere with BIT International's contracts with directors and chapter leaders.

123.    From August 18, 2020, and to September 1, 2020, Schultz held electronic forums and sent e-mails with false information about Beasley to cause individuals to leave working with Beasley and BIT International.

124.    From August 18, 2020 and to this day, Schultz intercepts and uses the e-mail address, ExecDirector@blacksintechnology.net provided for Beasley and BIT International.

125.    Upon information and belief, Schultz has secured millions in funds on behalf of the BIT Enterprise.

126.    **McCLINTOCK** first joined BIT International as a member paying dues July 2, 2020. She then inquired about starting a Las Vegas Chapter of BIT International, and Beasley introduced himself to her by e-mail on July 14, 2020.

127.    July 18, 2020, Beasley approved her to start a Chapter of BIT International in Las Vegas, and Beasley invited McClintock to serve on the BIT International founding Board of Directors.

128.    July 19, 2020, McClintock signed a Chapter Agreement, she agreed to lead a chapter of BIT International in Las Vegas, and she signed a Board Agreement to serve on the BIT International board.

129.    Beasley introduced McClintock to Greenlee, Schultz and Davis who she did not know previously.

130.    Two days after she agreed to serve on the board, Greenlee sent-out a July 21, 2020, message "Beasley no longer works at BIT."

131.    Beasley asked McClintock (along with Davis) to help bring Greenlee back to the table, and to help restore the group of directors.

132.    By August 2, 2020, Greenlee agreed to stay with the group.

133.    But, August 15, 2020, McClintock resigned.

134.    **Act 1**: After her resignation and no longer having any leadership responsibility, McClintock communicated by e-mail and by phone with Schultz August 15 – August 17 that he should undermine Beasley.

135.    **Act 2:** After Schultz and Greenlee caused 6 of the 7 remaining directors to leave BIT International on August 18, 2020, upon information and belief, McClintock

intentionally joined them at BIT Foundation as one of its purported directors in the scheme to defraud sponsors, donors and volunteers.

136.    **Act 3:**  Upon information and belief, McClintock met with the other purported BIT Foundation directors at least once in 2020, to further defraud sponsors, donors and volunteers.

137.    **Act 4:**  Based on the deposition of Greenlee October 2021, McClintock signed an agreement October 2021, to pay Schultz $15,000 for his volunteer work to dismantle BIT International in August 2020.

138.    **DAVIS** – Beasley has known Davis for years, and had been business colleagues, being common members of technology groups in Dallas.

139.    May 20, 2020, Beasley asked Davis to be a local co-leader of the BIT North Texas group. Davis agreed.

140.    Davis paid $675 in lifetime dues to BIT International on June 3, 2020.

141.    When, Greenlee sent-out his July 21, 2020, message "Beasley no longer works at BIT", Davis approached Beasley to hear his side of the controversy.

142.    Based on Davis' willingness to help keep the leadership teams intact, Beasley invited Davis to serve on the BIT International board of directors. Davis agreed July 28, 2020.

143.    Beasley introduced Davis to Greenlee, Schultz and McClintock who he previously did not know.

144.    **Act 1** – When, Schultz sent-out his August 18, 2020, message denigrating Beasley and BIT International, on August 24, 2020, Davis told Beasley to remove himself,

but also Howard and a Sean Waldo from the BIT Texas board of directors. Davis was somehow then working with the Enterprise to dismantle Beasley and BIT International.

145.    **Act 2** – After Schultz and Greenlee caused 6 of the 7 remaining directors to leave BIT International, upon information and belief, Davis intentionally joined them at BIT Foundation as one of its purported directors in the scheme to defraud sponsors, donors and volunteers. Davis signed a BIT Foundation volunteer agreement November 4, 2020.

146.    **Act 3:** Davis met with Beasley in August and September to try and persuade Beasley to give away to BIT Foundation the BIT North Texas group that Beasley had created at BIT International.

147.    **Act 4:** September 28, 2020, Davis started a competing BIT Dallas Meetup group which he claims to be a chapter of BIT Foundation, to directly compete with BIT International's North Texas chapter.

148.    **Act 5:** Upon information and belief, Davis met with the other BIT Foundation directors at least once in 2020, to further devise defraud sponsors, donors and volunteers.

149.    **Act 6:** – October 12, 2021, Davis sought to quash a subpoena for e-mails indicating his part in the BIT Enterprise from being discovered.

150.    **Act 7:** Based on the deposition of Greenlee October 2021, Davis signed an agreement October 2021, to pay Schultz $15,000 for his volunteer work to dismantle BIT International in August 2020.

151.    **HOWARD** – Beasley and Howard met (in person) in April 2020, just as Beasley became Executive Director and BIT North Texas became the first chapter of BIT

International. Beasley and Howard planned a member's event to be hosted at Howard's employer, Thomson Reuters, when the Pandemic cancelled the event.

152.    May 20, 2020, Beasley invited Howard to serve on the board of BIT Texas, a wholly owned subsidiary of BIT International. Howard agreed.

153.    Howard attended the first formal board meeting of BIT Texas, August 10, 2020.

154.    **Act 1** – After Schultz and Greenlee caused 6 of the 7 remaining directors to leave BIT International, upon information and belief, Howard intentionally caused Sean Waldo to resign from the board of BIT International.

155.    **Act 2** – August 18, 2020, Howard wrote e-mails to Schultz and Greenlee with his intent to leave Beasley and BIT International, and join the BIT Enterprise, and never sought to hear Beasley's side of the facts.

156.    **Act 3:** – October 2020, Howard joined-up with Davis, and became a co-leader of BIT Dallas of BIT Foundation, competing with BIT International's BIT North Texas chapter.

157.    **Act 4:** – June 2, 2021, Howard sought to quash his e-mails indicating his part in the BIT Enterprise from being discovered.

158.    **THOMAS** – Beasley first met Thomas by e-mail on April 22, 2020, with Beasley inviting Thomas to an information Town Hall on how Beasley would lead the BIT independent groups to form together as a true, nonprofit corporation with chapters.

159.    Beasley met with Thomas and his Portland team several times in April, May and June 14, 2020, with Thomas signing and agreeing to work with Beasley, and with the Portland Chapter being a wholly owned subsidiary of BIT International.

160.    July 30, 2020, Beasley moderated the largest event in the history of BIT Portland for Thomas.

161.    **Act 1** – August 20, 2020, Thomas collaborated with the BIT Enterprise and informed the chapter leaders how they can leave from working with Beasley and BIT International.

> **Dwayne Thomas** <thomas.dwayne@gmail.com>Thu, Aug 20, 2020 at 11:52 PM
> To: Dennis Schultz <dschultz_ny@blacksintechnology.net>
> Minus - Cyrina, - Baraka
>
> Thanks for all the info on Notion!
>
> Sorry for the extra message. Are those of us who send the resignation letter just leaving when we can (As opposed to sending the letter at the same appointed time, say 5pm EST Friday)?
>
> My wife is a lawyer and she agrees we can cite or take comfort in the 90 termination clause in the subsidiary chapter agreement. Without needing a reason, some of us can just send our resignations.
>
> Apologies for dropping from the call... I couldn't hear much.
>
> Peace and One love,
> Dwayne

162.    **Act 2** – August 25, 2020, Thomas left Beasley and BIT International to join the BIT Enterprise.

163.    **Act 3:** – March 2022, Thomas continues to solicit funds for the fictitious BIT Foundation at https://www.meetup.com/PDX-Blacks-in-Technology-Meetup/, and deceptively solicits people "to join BIT as an official member", when BIT Foundation has no members.

> Our group supports and celebrates the participation of Portland's Black community members in Portland's professional community. Black women, nonbinaries, and men. Black immigrants and nonimmigrants. We have regular public networking and speaker-focused events. https://bitpdx.org/

All are welcome. Please especially keep in mind that we have Black centered and uplifting conversations in our Slack Channel. https://blacksintechnology.typeform.com/to/ZyRYG2

Looking forward to working with the community of other meetup groups... including LGTBQIA, women, Latinx, students, vets, and other tech fans.

We started with practicing selfempathy. Additionally to overcome challenges, we leverage any individual privileges to help each other. We help our members to interview and prep for top companies in Portland. We also enable learning and career development.

Friends and Guests are welcome collaborators to all events.

Donate to us here: https://www.paypal.com/donate/?hosted_butto... (https://www.paypal.com/donate/?hosted_button_id=7S8LFSL5X3LFW)

Be sure to join BIT as an official member at https://foundation.blacksintechnology.net/join-bit/. It's free to join and members receive free and discounted products, services, and training resources.

## XVI.   CAUSES OF ACTION

### Count One - Pierce the Corporate Veil

164.    Beasley incorporates Paragraphs 1 through 163, hereinabove as if fully set forth herein at length.

165.    Records listed online with the Internal Revenue Service, and upon information and belief, records held by 3rd parties show a multi-year, pattern of millions of dollars in purported business revenue with Greenlee using those proceeds, on information and belief, from tax exempt donations and from government sources for gambling, liquor, vacations, and personal expenses.

166.    BIT Foundation and BIT LLC have ignored the corporate formalities of board meetings, corporate minutes, and separation of corporate affairs with personal finances.

167.    Given the manner in which Greenlee operated both BIT, LLC and the Foundation, including (a) siphoning funds for personal use and for cross purposes, (b) failure to maintain company records, (c) failure to file required tax filings, (d) total domination by Greenlee in the management of BIT, LLC and Foundation, including financial and governance matters, and (e) the commonality between staff, facilities, activities, management, and financial affairs, Greenlee, BIT, LLC and Foundation should be deemed to be one and the same, and this Court should disregard the distinction between them.

168.    The corporate veils of BIT, LLC and BIT Foundation are a fiction, both in fact and at law, and this Court should disregard the distinction between them.

### Count Two - Civil RICO Pursuant to 18 U.S.C. § 1962(c) – BIT Foundation, BIT, LLC, Dennis Schultz, and Gregory Greenlee

169.    Beasley incorporates Paragraphs 1 through 163, hereinabove as if fully set forth herein at length.

170.    18 U.S. Code § 1962(a) makes it unlawful for "any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."

171.    18 U.S. Code § 1962(c) makes it unlawful for "any person employed by or associated with an enterprise engaged in or the activity of which affect, interstate or foreign

commerce to conduct or participate directly or indirectly in the conduct of such enterprise's affairs for a pattern of racketeering activity or collection of unlawful debt."

172.    18 U.S.C. § 1962(d) makes it unlawful to conspire to violate any of the RICO substantive provisions, including section 1962(c).

173.    18 U.S. Code § 1964(c) creates a private right of action for any person injured in his business or property by reason of violation of § 1962 and provides for threefold the damages sustained as a result of recovery for the cost of suit including reasonable attorney fees.

174.    Defendants acting knowingly used false promises in a scheme to defraud Beasley to obtain money. Defendants deceived Beasley, intercepted Beasley's email communications, withheld them, failed to disclose that Beasley worked at BIT International, and instead used the deception to take monies of others.

175.    In furtherance of their scheme to defraud, and with the purpose of executing their schemes to defraud, BIT Defendants herein, caused the use of the mails, and interstate wires for the purpose of defrauding Beasley of tens of thousands of dollars.   These mailings and interstate wirings, which consist of electronic messages which constitute interstate transmissions and interstate telephone calls between BIT Defendants and Plaintiff, including as follows:

a.    Greenlee promised that Beasley would be paid $55.00 an hour to create a new nonprofit corporation, BIT International.

b.    Greenlee agreed orally that he would shut-down BIT Foundation, and not compete with Beasley's efforts to coalesce disparate unincorporated "blacks in

technology" groups, to create a board of directors, to charter chapters of the corporation, to create true members of the corporation, and to obtain national, annual sponsors.

      c.    Greenlee promised that Beasley would have an e-mail for his personal use as a contractor.

      d.    Greenlee promised that he would operate in the best interests of BIT International.

      e.    Greenlee breached his contract to provide Beasley an e-mail address, and Greenlee made deceptive promises, as part of a scheme to defraud people to obtain money.

176.    Beasley was injured as a result of the scheme, and he sues.

177.    Beasley sues for treble damages.

178.    Beasley requests recovery of his litigation costs, including attorney fees.

### Count Three - Interception of Electronic Communications – Gregory Greenlee and Dennis Schultz

179.    Beasley incorporates Paragraphs 1 through 163, hereinabove as if fully set forth herein at length.

180.    18 U.S. Code § 1962(a) makes it unlawful for a person to "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication". 18 USC § 2511(1)(a).

181.    Greenlee and Schultz have intentionally intercepted Beasley's e-mail communications and caused him damage.

182.    Beasley seeks recovery of his damages, and seeks recovery of the profits made by BIT Enterprise, upon information and belief to be over $1,000,000, or the statutory amount of $100 a day, whichever is greater. 18 USC § 2520(c)(2).

183.    Beasley requests recovery of his litigation costs, including attorney fees.

## Count Four - Civil RICO Conspiracy Pursuant to 18 U.S.C. § 1962(d) – Greenlee, Schultz, McClintock, Davis, Howard, Thomas

184.    Beasley incorporates Paragraphs 1 through 163, hereinabove as if fully set forth herein at length.

185.    Defendants made a voluntary agreement and committed an overt act by one conspirator in furtherance of the plan to accomplish illegal results, or illegal means used to accomplish something legal.

186.    ALL DEFENDANTS ARE LIABLE FOR THE ACTS OF EACH OTHER, REQUIRING EACH TO BE PERSONALLY LIABLE FOR ALL OF THE FUNDS MISAPPROPRIATED BY THE BIT ENTERPRISE, INCLUDING THE MILLIONS OF FUNDS OBTAINED AND SPENT UNDER THE GUISE OF BIT FOUNDATION.

187.    Beasley was injured as a result of the scheme, and he sues.

188.    Beasley sues for treble damages.

189.    Beasley requests recovery of his litigation costs, including attorney fees.

## Interests and Costs

190.    Plaintiff is entitled to recover pre-judgment and post-judgment interest, and its costs of courts, as authorized by law.

## XVII.  **CONDITIONS PRECEDENT**

191.    All conditions precedent to Beasley's right to recover have been performed or have occurred.

## XVIII. **DEMAND FOR JURY TRIAL**

192.    Plaintiff hereby demands a jury trial.

## XIX.  **ATTORNEY FEES**

193.    Beasley seeks recovery of his attorney fees, if he has any, and costs.

## XX.    **PRAYER**

WHEREFORE, Counter-Plaintiff requests that Defendants be cited to appear and answer herein; that, after a jury trial on the merits, Plaintiff be awarded an amount exceeding the minimum jurisdictional limits of this Court; punitive and treble damages, recover his reasonable and necessary attorneys' fees and costs of court, pre-judgment and post-judgment interest, and all such further relief to which Counter-Plaintiff may show he is entitled.

Plaintiff also seeks a declaratory judgment that the BIT Foundation is a fictitious Ohio corporation, that its distinction as a corporation should be ignored, and to direct the Ohio Secretary of State to revoke BIT Foundation's charter.

Respectfully submitted,
By:  s/Peter Beasley
**Peter Beasley, pro se**
P.O. Box 831359
Richardson, TX 75083-1359
pbeasley@bitintl.org
(972) 365-1170 Telephone

| DATE | DOCUMENT ID | DESCRIPTION | FILING | OVER PAYMENT | EXPED | CERT | COPY |
|------|-------------|-------------|--------|--------------|-------|------|------|
| 06/26/2017 | 201717500238 | DOMESTIC NONPROFIT CORP - ARTICLES (ARN) | 99.00 | 0.00 | 0.00 | 0.00 | 0.00 |

**Receipt**

This is not a bill. Please do not remit payment.

BLACKS IN TECHNOLOGY
4132 FOXPOINT RIDGE
CLEVES, OH 45002

# STATE OF OHIO
## CERTIFICATE

### Ohio Secretary of State, Jon Husted
#### 4043266

It is hereby certified that the Secretary of State of Ohio has custody of the business records for

**BLACKS IN TECHNOLOGY FOUNDATION**

and, that said business records show the filing and recording of:

Document(s)                                                                     Document No(s):

**DOMESTIC NONPROFIT CORP - ARTICLES**                        **201717500238**
              Effective Date:   06/24/2017



United States of America
State of Ohio
Office of the Secretary of State

Witness my hand and the seal of the Secretary of State at Columbus, Ohio this 26th day of June, A.D. 2017.

*Jon Husted*

**Ohio Secretary of State**

**EXHIBIT A**



**Form 532B Prescribed by:**
**Jon Husted**
   **Ohio Secretary of State**

Central Ohio: (614) 466-3910
Toll Free: (877) SOS-FILE (767-3453)
*www.OhioSecretaryofState.gov*
*Busserv@OhioSecretaryofState.gov*

Date Electronically Filed: 6/24/2017

# Initial Articles of Incorporation
## (Nonprofit, Domestic Corporation)
## Filing Fee: $99
### (114-ARN)

**First:**    Name of Corporation    Blacks In Technology Foundation

**Second:**    Location of Principal office in Ohio

CLEVES
City

OHIO
State

HAMILTON
County

**Effective Date (Optional)**    6/24/2017
mm/dd/yyyy

**(The legal existence of the corporation begins upon the filing of the articles or on a later date specified that is not more than ninety days after filing)**

**Third:**    Purpose for which corporation is formed

Increase the number of Black men and Women in the technology industry through community activities, workshops and trainings, positive media representation, sponsorship, mentorship and stewardship.

**\*\*Note for Nonprofit Corporations**: The Secretary of State does not grant tax exempt status. Filing with our office is not sufficient to obtain state or federal tax exemptions. Contact the Ohio Department of Taxation and the Internal Revenue Service to ensure that the nonprofit corporation secures the proper state and federal tax exemptions. These agencies may require that a purpose clause be provided.

**\*\*Note:** ORC Chapter 1702 allows for additional provisions to be included in the Articles of Incorporation that are filed with this office. If including any of these additional provisions, please do so by including them in an attachment to this form.

**ORIGINAL APPOINTMENT OF STATUTORY AGENT**

The undersigned, being at least a majority of the incorporators of  Blacks In Technology Foundation

hereby appoint the following to be statutory agent upon whom any process, notice or demand required or permitted by statute to be served upon the corporation may be served.  The complete address of the agent is

GREG GREENLEE

Name

4132 FOXPOINT RIDGE

Mailing Address

CLEVES                                          OHIO            45002

City                                               State            Zip Code

Must be signed by the Incorporators or a majority of the incorporators

BLACKS IN TECHNOLOGY

Signature

Signature

Signature

**ACCEPTANCE OF APPOINTMENT**

The Undersigned,        GREG GREENLEE                          , named herein as the

Statutory Agent Name

Statutory agent for     Blacks In Technology Foundation

Corporation Name

hereby acknowledges and accepts the appointment of statutory agent for said corporation.

Statutory Agent Signature      GREG GREENLEE

Individual Agent's Signature / Signature on behalf of Business Serving as Agent

**By signing and submitting this form to the Ohio Secretary of State, the undersigned hereby certifies that he or she has the requisite authority to execute this document.**

**Required**
Articles and original
appointment of agent must
be signed by the incorporator(s).

If the incorporator is an individual,
then they must sign in
the "signature" box and
print his/her name
in the "Print Name" box.

If the incorporator
is a business entity, not an
individual, then please print
the entitiy name in the
"signature" box, an
authorized representative
of the entity must sign in
the "By" box and print his/her
name and title/authority in the
"Print Name" box.

| BLACKS IN TECHNOLOGY |
|---|
Signature

| GREG GREENLEE |
|---|
By

|  |
|---|
Print Name

|  |
|---|
Signature

|  |
|---|
By

|  |
|---|
Print Name

|  |
|---|
Signature

|  |
|---|
By

|  |
|---|
Print Name

**EXHIBIT A**

**UNITED STATES OF AMERICA,**
**STATE OF OHIO,**
**OFFICE OF THE SECRETARY OF STATE**

I, Frank LaRose, Secretary of State of the State of Ohio, do hereby certify that the foregoing is a true and correct copy, consisting of 4 pages, as taken from the original record now in my official custody as Secretary of State

WITNESS my hand and official seal at Columbus, Ohio, this ___10th___ day of
March, 2022 A.D.



FRANK LaROSE
Secretary Of State

By: _____

NOTICE: This is an official certification only when reproduced in red ink

**EXHIBIT A**