IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PETER BEASLEY,

    Plaintiff,

v.

GREGORY GREENLEE et al.,

    Defendants.

Case No. 3:22-cv-00532-M-BT

# **ORDER**

Before the Court in this civil RICO action brought by *pro se* Plaintiff Peter Beasley came the following related filings: Beasley's Opposed Motion to Disqualify Counsel for Defendant Blacks in Technology Foundation (BIT) (ECF No. 25); BIT's Response to Beasley's Motion to Disqualify, which includes a request to declare Beasley a vexatious litigant (ECF No. 26); Beasley's Motion for Leave to File a Motion to Strike BIT's request to have him declared a vexatious litigant (ECF No. 29); and Beasley's Rule 12(b)(6) Motion to Dismiss BIT's request to have him declared a vexatious litigant (ECF No. 34).

The Court DENIES without prejudice BIT's request to declare Beasley a vexatious litigant and strikes the request (Section D) from BIT's Response to Beasley's Motion to Disqualify. A request for a court order must be made by motion and not in a responsive brief. Fed. R. Civ. P. 7(b). BIT may refile its request as a separate motion. The Court further DENIES as moot Beasley's Motion for Leave to File a Motion to Strike and Beasley's Rule 12(b)(6) Motion.

Finally, the Court DENIES Beasley's Motion to Disqualify Counsel, which is based on his allegations that BIT is a fictitious corporation. These are the same allegations that form the basis of Beasley's substantive claims against BIT. Indeed, Beasley's prayer for relief is for a declaratory judgment that BIT is a fictitious corporation and a court order directing the Ohio Secretary of State to revoke BIT's charter. BIT has filed an answer denying Beasley's claims. Accordingly, it is appropriate to determine those claims on the merits in another procedural context, and not in the context of a motion to disqualify counsel.

**SO ORDERED**.

June 24, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE