IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PETER BEASLEY,

    Plaintiff,

v.

GREGORY GREENLEE et al.,

    Defendants.

Case No. 3:22-cv-00532-X-BT

## ORDER

Before the Court in this *pro se* civil action brought by Plaintiff Peter Beasley is Defendants Blacks in Technology Foundation and Blacks in Technology, LLC's (collectively, "Defendants") Motion to Declare Plaintiff a Vexatious Litigant. (ECF No. 53). By their Motion, Defendants request the Court order Beasley to post security for their reasonable expenses incurred in defending this action. *Id.* For the following reasons, the Motion is DENIED.

The Court possesses the inherent power to protect the efficient and orderly administration of justice and to command respect for the Court's orders, judgments, procedures, and authority. *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in this inherent power is the power to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation,

1

and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Defendants contend that Beasley has "a decades-long history of filing *pro se* actions" and that Beasley filed this suit in federal court to harass Defendants and avoid an adverse ruling in state court. Defs.' Br. 1, 6. (ECF No. 54). Defendants note that the 191st Judicial District Court of Dallas County, Texas declared Beasley a vexatious litigant in 2018. *Id.* at 3. The Court also takes judicial notice of the state court's decision to sanction Beasley as a vexatious litigant, *see* Fed. R. Evid. 201, and also of the District Judge's comments in a related case, *Blacks in Tech. Int'l v. Blacks in Tech. LLC, et al.*, Cause No. 3:20-CV03008, finding that Beasley employed "vexatious litigation tactics" in that case, including filing "a slew of motions" and harassing his adversaries by seeking to disqualify opposing counsel. *Blacks in Tech. Int'l*, 2022 WL 1689310, at *2, 7 (N.D. Tex. May 26, 2022), reconsideration denied, 2022 WL 3974987 (N.D. Tex. Aug. 31, 2022).

However, the Court observes that the District Judge did not declare Beasley a vexatious litigant as a result of his conduct in the related case and did not impose any pre-filing injunction as a sanction. Indeed, the District Judge did not impose any lesser sanction on Beasley. And on the record *in this case*, the Court declines to find that Beasley has engaged in abusive litigation practices or so multiplied the proceedings in bad faith that harsh sanctions are warranted at this juncture. He has not *yet* met the high threshold necessary to warrant the sanctions requested. *See Crain v. Credit Prot. Ass'n*, 2010 WL 2976127, at *5–6 (N.D. Tex. June 30,

2010) (Ramirez, J.), report and recommendation adopted, 2010 WL 2976120 (N.D. Tex. July 28, 2010) (Fitzwater, J.) ("The imposition of sanctions using inherent powers must be accompanied by a specific finding of bad faith…the standard for imposing sanctions is very high—the court must find that the very temple of justice has been defiled by the sanctioned party's conduct.") (cleaned up); *Lander v. JPMorgan Chase Bank Nat'l Ass'n*, 2022 WL 819213 (E.D. Tex. Feb. 21, 2022), report and recommendation adopted, 2022 WL 813810 (E.D. Tex. Mar. 16, 2022) (distinguishing Plaintiffs actions from three unrelated cases where litigants who filed 23, 18, and 13 lawsuits respectively based on the same set of fact were declared vexatious); *Crear v. JPMorgan Chase Bank, NA*, 491 F. Supp. 3d 207, 219 (N.D. Tex. 2020) (finding that sanctions were unwarranted after a *pro se* plaintiff filed six lawsuits challenging foreclosure because the plaintiff had not previously been warned and the defendant's claims lacked merit). Accordingly, Defendants' Motion to Declare Plaintiff a Vexatious Litigant is **DENIED**.

Despite their suggestion that Beasley's live pleading fails to state a claim, Defendants have not filed any motion to dismiss.[1] Thus, it does not appear that Defendants have availed themselves of all the procedural vehicles at their disposal to terminate this proceeding and save litigation expenses.

---

[1] A Rule 12(b) motion must be filed before responsive pleadings are filed; a motion to dismiss for failure to state a claim that is filed after an answer is untimely. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). Rule 12(c) motions, however, may be filed after the pleadings are closed. *Id.*

**SO ORDERED**.

December 5, 2022.

                                                            _____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE