IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PETER BEASLEY,<br><br>    Plaintiff,<br><br>v.<br><br>GREGORY GREENLEE et al.,<br><br>    Defendants. | Case No. 3:22-cv-00532-M-BT |

### **ORDER**

Before the Court is (1) Defendants Blacks in Technology Foundation, Blacks in Technology LLC, Larry Davis, Gregory Greenlee, Rondalynne McClintock, and Dennis Schultz's (collectively, "Defendants") Joint Motion to Stay Discovery ([ECF No. 55](#)); (2) *Pro se* Plaintiff Peter Beasley's Amended Motion for Leave to File Second Amended Complaint ([ECF No. 60](#)); (3) Plaintiff's Motion to Compel Defendant Larry Davis ([ECF No. 66](#)); and (4) Plaintiff's Motion to Compel Defendant Rondalynne McClintock ([ECF No. 67](#)). The Court hereby orders as follows:

1. **Defendants' joint motion to stay discovery is DENIED as moot.**

Defendants requested the Court stay discovery pending a ruling on Defendants Blacks in Technology Foundation and Blacks in Technology LLC's Motion to Declare Plaintiff a Vexatious Litigant. The Court in its Order (ECF No. 71) denied Blacks in Technology Foundation and Blacks in Technology LLC's

1

Motion to Declare Plaintiff a Vexatious Litigant. Therefore, the Joint Motion to Stay Discovery is DENIED as moot.

To the extent Defendants object that any discovery propounded on them by Plaintiff is "overly broad, irrelevant, or seek[s] to obtain privileged or confidential information," Defendants may file a motion for a protective order. *See* Fed. R. Civ. P. 26(c).

### 2. Plaintiff's motion for leave to amend is DENIED.

Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Thereafter, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). While district courts "should freely give leave [to amend] when justice so requires," they have discretion to grant or deny such a motion "and may consider a variety of factors including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., and futility of the amendment." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (internal citation and quotation marks omitted). An amendment is futile if it would fail to survive a Rule 12(b)(6) motion. *See Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003).

Here, Plaintiff already, as a matter of course, filed an Amended Complaint. (*See* ECF No. 5). He also filed a "first" Motion for Leave to Amend with a proposed amended complaint, which he withdrew and replaced with the pending "second" Motion for Leave to Amend and a different proposed amended complaint. *Compare* Proposed Amend. Second Amend. Comp. (ECF No. 52-1); *and* Proposed Amend. Proposed Second Amend. Compl. (ECF No. 60-2); *See also* Comparison of Proposed Compl. Changes (ECF No. 60-1). But the Court denies his request for leave to file the proposed amended complaint because—for the reasons set forth in Defendants' Joint Response to Plaintiff's First Amended Motion for Leave to Amend Complaint (*See* ECF No. 63)—his proposed amendment would be futile.

### 3. Plaintiff's motions to compel are DENIED without prejudice.

Before filing a motion, the moving party "must confer with an attorney for each party affected by the requested relief to determine whether the motion is opposed." Local Rule 7.1(a). "Each motion for which a conference is required must include a certificate of conference indicating that the motion is unopposed or opposed. If a motion is opposed, the certificate must state that a conference was held, indicate the date of conference and the identities of the attorneys conferring, and explain why agreement could not be reached." *Id* at (b)(1)-(2).

Here, Plaintiff's certificate of conference does not meet the standards set out by this Court's Local Rules. Therefore, Plaintiff's Motions to Compel Defendant Larry Davis and Defendant Rondalynne McClintock are denied without prejudice. If Plaintiff intends to depose any Defendant, he must confer with defense counsel

prior to noticing any depositions. At the request of any party, the Court will make a conference room in its chambers available for the requested depositions.

**SO ORDERED**.

December 6, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE