IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PETER BEASLEY,
         Plaintiff,

v.

Case No. 3:22-cv-00532-X-BT

GREGORY GREENLEE et al.,
         Defendants.

# ORDER

Previously, the Court ordered all unexpired deadlines pertaining to the completion of discovery and the filing of dispositive motions stayed pending disposition of Defendants' Rule 12(c) motion for judgment on the pleadings. Order (ECF No. 90). As grounds for its order, the Court explained:

> The Court has made a 'cursory examination' of Defendants' Rule 12(c) motion and finds that the arguments are not frivolous and merit serious consideration. If Defendants' arguments are valid, all of Plaintiff's claims may be dismissed with prejudice.

*Id.* at 1.

The next day, Plaintiff filed a non-dispositive motion for leave to amend his complaint (ECF No. 91), and, the next month, he filed a non-dispositive motion for summary judgment (ECF No. 98) seeking anew to disqualify defense counsel. Plaintiff also filed a non-dispositive motion to expedite briefing on his summary judgment motion and to have the Court decide the question presented in that motion before it rules on Defendants' Rule 12(c) motion. Pl.'s Emergency Mot. (ECF No. 102). Defendants oppose the request for expedited briefing and ask the

1

Court to stay all briefing deadlines on Plaintiff's summary judgment motion until the Court rules on Defendants' Rule 12(c) motion and Plaintiff's motion for leave to amend. *See* Defs.' Mot. Stay Briefing & Br. (ECF No. 105).

The Court DENIES Plaintiff's motion to expedite briefing on his summary judgment motion (ECF No. 102) and DENIES Defendants' motion to stay all briefing deadlines on Plaintiff's summary judgment motion (ECF No. 105). Defendants' response to Plaintiff's summary judgment motion is due **March 14, 2023**, and Plaintiff's reply thereto is due **March 28, 2023**. *See* N.D. Tex. L. Civ. R. 7.1(e), (f). The Court will dispose of the pending motions (ECF Nos. 78, 91, 98) in the order it deems appropriate.

In addition, earlier in this litigation the Court denied Defendants' Motion to Declare Plaintiff a Vexatious Litigant. *See* Order (ECF No. 71) ("[O]n the record *in this case*, the Court declines to find that [Plaintiff] has engaged in abusive litigation practices or so multiplied the proceedings in bad faith that harsh sanctions are warranted at this juncture. He has not *yet* met the high threshold necessary to warrant the sanctions requested.") (emphasis in original). The Court *sua sponte* reconsiders Defendants' request.

The Court possesses the inherent power to protect the efficient and orderly administration of justice and to command respect for the Court's orders, judgments, procedures, and authority. *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in this inherent power is the power to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a pro se

litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

The Court takes judicial notice that the 191st Judicial District Court of Dallas County, Texas, declared Plaintiff a vexatious litigant in 2018, *see* Fed. R. Evid. 201, and also that the District Judge in a related case, *Blacks in Tech. Int'l v. Blacks in Tech. LLC, et al.*, Cause No. 3:20-CV-3008, determined that Plaintiff employed "vexatious litigation tactics" in that case, including filing "a slew of motions" and harassing his adversaries by seeking to disqualify opposing counsel. *Blacks in Tech. Int'l*, 2022 WL 1689310, at *2, 7 (N.D. Tex. May 26, 2022), *reconsideration denied*, 2022 WL 3974987 (N.D. Tex. Aug. 31, 2022). Undeterred by the District Judge's admonishment, Plaintiff continues to rely on vexatious litigation tactics in this matter, including his penchant for filing "a slew of motions" and harassing his adversaries by seeking to disqualify opposing counsel. Therefore, the Court issues Plaintiff this written warning admonishing him to cease his vexatious litigation activity. If Plaintiff fails to heed this warning, the Court will consider harsher sanctions, including a fine and award of fees.

**SO ORDERED.**

March 9, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

3