UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETER BEASLEY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-0532-X |
| | § | |
| GREGORY GREENLEE et al., | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are three motions from Peter Beasley: a motion for reconsideration (Doc. 124), a motion to recuse Judge Starr from the case (Doc. 130), and a motion asking the Court to rule on the motion for reconsideration (Doc. 133); and a Finding, Recommendation, and Conclusion (FCR) on the motion for reconsideration from the Magistrate Judge (Doc. 127). Beasley objected to the Magistrate Judge's recommendation for this case.

After considering Beasley's motions, the Magistrate Judge's recommendation, Beasley's objection, and applicable law, the Court **DENIES** the motion to recuse, **GRANTS** the motion asking the Court to rule on the motion for reconsideration, **ACCEPTS** the FCR, and **DENIES** the motion for reconsideration.

**I.   Background**

This lawsuit and another, filed two years before this one (the Prior Lawsuit), deal with the volatile business relationship between Peter Beasley and a bevy of entities and individuals related to the "Blacks in Technology" brand. Four of the six

1

defendants in this case—Gregory Greenlee, Dennis Schultz, Blacks in Technology LLC (BIT LLC), and Blacks in Technology Foundation (BIT Foundation)—were also parties in the Prior Lawsuit.[1] In the present case, Beasley brought civil conspiracy claims under RICO, 18 U.S.C. § 1962(a), (c), and (d), and 18 U.S.C. § 2511, and sought a declaratory judgment that BIT Foundation was a fictitious corporation.

The Court entered a judgment on the pleadings in August 2024, on which Beasley now seeks reconsideration. Beasley also asks the Court to consider Judge Starr's recusal—both in his motion for reconsideration and in a standalone motion to recuse. Beasley similarly sought Judge Starr's recusal in the Prior Lawsuit, which the Court considered and denied.

## II.   Analysis

### A.   Doc. 130: Recusal

Before the Court addresses anything substantive, it turns to the matter of recusal. Beasley moves for recusal under 28 U.S.C. § 144. Under this statute, bias must be personal rather than judicial to warrant disqualification.[2] Typically, adverse judicial rulings do not support a claim of bias—"only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible."[3] This concept of bias in a judicial ruling refers to "a favorable or unfavorable disposition or opinion that is

---

[1] *See Blacks in Tech. Int'l v. Greenlee*, No. 3:20-cv-3008-x, 2025 WL 775821 (N.D. Tex.) (J., Starr).

[2] *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007).

[3] *Id.*

2

somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . , or because it is excessive in degree."[4]  Under this standard, "a judge is not generally required to recuse for bias, even if the judge is exceedingly ill disposed towards the defendant, when the judge's knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings."[5]

Section 144 provides:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.[6]

"This provision applies only to charges of actual bias."[7]  In considering a motion under section 144, the "judge must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matter alleged."[8]  To be legally

---

[4] *Liteky v. United States*, 510 U.S. 540, 550 (1994).

[5] *United States v. Brocato*, 4 F.4th 296, 302 (5th Cir.) (cleaned up).

[6] 28 U.S.C. § 144.  Though Beasley's declaration is not notarized, the Court counts it as a sufficient substitute to a notarized affidavit under 28 U.S.C. § 1746.

[7] *Harmon v. Dallas Cnty.*, No. 3:13-cv-2083-L, 2017 WL 3394724, at *6 (N.D. Tex. Aug. 8, 2017) (Lindsay, J.) (citing *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990)).

[8] *Henderson*, 901 F.2d at 1296.

3

sufficient, an affidavit must meet the following requirements: "(1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable man that a bias exists; and (3) the facts must show the bias is personal, as opposed to judicial, in nature."[9]

Beasley points to two particular passages from orders in the Prior Lawsuit as evidence of the Court's personal bias toward him. He claims the Court misstated the facts in one instance by summarizing the procedural history of the Prior Lawsuit more simply than he would have (Beasley redrafts the paragraph to his liking in the affidavit supporting his motion to recuse), leaving out some dates and specifics that Beasley feels were necessary. His other example is the Court's misstatement that it had previously given Blacks in Technology Texas and Blacks United in Leading Technology the chance to answer instead of being in default, when the actual party given the chance to answer was BIT LLC.

In accordance with the standard for reviewing motions to recuse under section 144, the Court analyzes Beasley's motion as if such facts were true. But Beasley's facts taken as true—two statements from the Court in a different case in which Beasley was involved—fall well short of showing personal bias on behalf of the judge such that a reasonable man would be convinced.

As the Court stated when ruling on Beasley's motion to recuse in the Prior Lawsuit, Beasley seems to believe he is entitled to a judge that makes him win. Because Beasley fails to state facts that would reasonably call the Court's

---

[9] *Id.*

impartiality into question or convince a reasonable man that the Court has personal, not judicial, bias against Beasley, he cannot satisfy the standards for recusal under section 144. Therefore, the Court **DENIES** his motion to recuse at Doc. 130.

### B.   Doc. 127: Magistrate Judge's Recommendation

Beasley filed an objection to the Magistrate Judge's recommendation on his motion for reconsideration. The Court reviews *de novo* those portions of the FCR to which Beasley objects.

The FCR pertains to Beasley's motion for reconsideration, in which he argues Judge Starr and Judge Rutherford should recuse, that BIT Foundation made fraudulent statements warranting reconsideration under Rule 60(b)(3), that the Court committed plain error in dismissing two claims the defendants did not challenge in their motion for judgment on the pleadings, and that the Court should not have considered the defendants' motion for judgment on the pleadings while Beasley's motion to disqualify their attorneys pended.

Beasley filed his motion for reconsideration twenty-eight days after the Court entered the final judgment at Doc. 123, so the Court evaluates his motion under Rule 59(e).[10] "Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to

---

[10] *Demahy v. Schwartz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012).

correct a manifest error of law or fact."[11] A party cannot use Rule 59 "to raise arguments or claims that could, and should, have been made before the judgment issued."[12] And "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[13]

Beasley's objections to the FCR are minimal. Where the FCR explains that his argument for recusal merely recounted the case's procedural history and failed to identify any personal bias or extrajudicial source for the Court's rulings, Beasley objects that he did, in fact, identify an extrajudicial fact: the fact that he proceeds pro se. This fact has no bearing on whether the Court has shown personal, not judicial, bias.

Beasley also objects to the FCR's statement that the defendants' motion for judgment on the pleadings addressed his claims arising under 18 U.S.C. § 2511. He argues the defendants' motion makes no mention of the terms "2511" or "wiretap."[14] However, Beasley never alleged the defendants used a wiretap to intercept communications; he alleged that they intercepted his emails. And as the FCR notes, Beasley's second count stated his § 2511 claim arising under the RICO statute, 18 U.S.C. § 1962(a). Not only did the defendants address Beasley's RICO claims, of which the section 2511 was one; they specifically addressed Beasley's second count, even quoting the allegation that they intercepted his emails.

---

[11] *Id.*

[12] *Id.* (cleaned up).

[13] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[14] Doc. 132 at 2.

6

Upon *de novo* review, the Court agrees with those portions of the FCR to which Beasley objects. And finding no plain error in the remainder, the Court **ACCEPTS** the FCR and therefore **DENIES** Beasley's motion for reconsideration.

### III. Conclusion

For the reasons stated above, the Court **DENIES** Beasley's motion to recuse (Doc. 130), **GRANTS** his motion to prompt a ruling (Doc. 133), and **DENIES** his motion for reconsideration (Doc. 124).

**IT IS SO ORDERED** this 27th day of May, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE